## VIRGIL PRACTICE CLAVIER CO. v. VIRGIL.

(Circuit Court, S. D. New York. June 14, 1905.)

PATENTS—INFRINGEMENT—INSTRUMENT FOR TEACHING PIANO PLAYING.
　　The Virgil patents, Nos. 344,462, 344,464, 391,439, and 479,339, relating to an instrument for teaching the playing of the piano, in which nonmusical sounds are substituted for the musical tones of the piano, and to improvements thereon, disclose patentable invention, and are valid. Also held infringed.

Suit in equity to enjoin alleged infringement of United States letters patent to Almon K. Virgil for instruments for teaching the playing of the piano, viz., No. 344,462, June 29, 1886, claim 4; No. 344,464, June 29, 1886, claim 1; No. 391,439, October 23, 1888, claim 1; and No. 479,339, July 19, 1892, claims 1 to 12, inclusive, and claims 14, 17, and 18.

Livingston Gifford, for complainant.
Worth Osgood, for defendant.

RAY, District Judge.    Patents Nos. 344,462 and 344,464 have ex-
pired since the commencement of this action and before the final
hearing, and as to them a reference to a special master to take an
account is all the decree can award.    The demurrer to the bill for
multifariousness is not sustained.    The defense as to patents No.
344,464 and No. 344,462 that the assignments of the patents were
not recorded as alleged is overruled.

The defendant's counsel says:

"In defendant's construction each of the elements, separately considered, are
shown to be old; and they are employed in new combinations and arrange-
ments which are not disclosed in complainant's patents, and which are not
subordinated by any of the claims in any of these patents, if they are real, in
connection with the previous art."

That the elements of defendant's construction are all old is plain,
but that we find any new combination or new or different or im-
proved result than that found in complainant's patents, and disclosed
thereby, cannot be found by this court.    The field is limited.    Al-
mon K. Virgil, the patentee, is entitled to be regarded as a pioneer
in the art to which his invention relates.    His first patents showed
invention and were valid, but they did not prove a success commer-
cially, because of certain defects.    He persevered, thought, labored,
expended time and money, and succeeded.    It was when he suc-
ceeded that defendant came in, and, by borrowing, if not abstract-
ing, ideas, etc., began infringement.

The invention is partially described by complainant as follows:

"The object of this new art was instruction in piano playing, for which
purpose prior to these inventions only two classes of instruments had been
employed, namely, either the piano itself, or a mute keyboard.    The mute
keyboard, or dumb piano, as it was sometimes called, was employed for the
gymnastic drill or exercise of the fingers and hands of the pupil.    It was
made mute or dumb so as to entirely eliminate the hearing as a factor in the
exercise, and cause the fingers and hands to acquire strength and flexibility
without dependence upon the ear, as also to permit the pupil to practice with-
out disturbance of neighbors.    It was impossible for the pupil to learn to
play a new piece by the mere use of a mute keyboard.    To do so, he must needs
resort to the regular piano.    Mute keyboards were therefore in no sense
substitutes for the piano in learning the art of playing, but merely adjuncts
or helps in the direction of physical and muscular development, the same as
any gymnastic exercise is to a sport for which it may prepare the muscles
without instructing the mind.    The new art that Virgil invented for the pur-
poses of piano instruction differed from the old in that, whilst it excluded the
musical tone of the regular instrument, it still combined the action of the ear
and the hands.    Virgil conceived the idea that by accompanying each move-
ment of the fingers with a short, distinct, nonmusical sound or click, the pupil
and his instructor would gain all the benefit of the combined instruction of
ear and hand, without the distracting influences of music; in other words,
Mr. Virgil expresses it as 'getting the mind into the hand.'"

Complainant concedes:

"Although this was not Virgil's first patent in point of time, it was never-
theless the pioneer patent in point of success, and as such is entitled to all of
the consideration of a pioneer.    Virgil says: 'The Techniphone (patent 344,-
464) and Practice Clavier (patent 479,339) introduced a new art of instruction,
namely, the art of instructing in piano playing by the aid of nonmusical
sounds.    The Techniphone was the pioneer instrument in this art, but, like
many pioneer machines, it lacked sufficient perfection to make the art a suc-
cess.    I may add that the Practice Clavier is to be credited with the success

of the art, for the reason that it removed the shortcomings of the Techniphone that stood in the way of the success of the new art.' The reason why the Practice Clavier of patent 479,339 was thus able to convert failure into success, and to entitle itself to the credit of the pioneer successful machine, was because of the radical changes which it made over patent 344,464 in each of the following respects, each of which constitutes an element of one or more claims of 479,339, and which will be treated under separate heads: (1) In the time of the clicks; placing them at the extremes of the key strokes, instead of at intermediate points. (2) In the separate control of the clicks; enabling either to be used with or without the other. (3) In the 'touch'; assimilating it to the piano touch. (4) In the quality of click. (5) In the regulation and indication of the tension."

The defendant is shown to have had knowledge of these patents, and it also appears she was striving to evade infringement; that is, to make such changes and variations as would enable her to plead noninfringement. The purpose and thought displayed was not for the purpose of inventing, but of evading.

The defense of nonpatentability in view of the prior art is not sustained. The complainant is entitled to a decree that its patents are valid, that the named two have expired, that all have been infringed by defendant, for a perpetual injunction as to those still in force, and for an accounting as to all.